OPINION OF THE COURT
John V. Vaughn, J.
Defendant, pro se, has moved for (1) an order compelling the District Attorney to produce and permit DNA testing of physical evidence introduced at the defendant’s trial and (2) *465 for an order authorizing the Superintendent of the Clinton Correctional Facility to have the medical staff draw a sample of the defendant’s blood and forward it to Lifecodes Corp. The People have opposed the application primarily on the ground that there is no authority for the relief requested.
The record establishes that on March 24, 1987 the defendant was convicted by a jury of four counts of sodomy, first degree, three counts of sexual abuse, first degree, unlawful imprisonment, first degree, and criminal possession of a weapon, fourth degree. The conviction was affirmed (People v Callace, 143 AD2d 1027) and leave to appeal to the Court of Appeals was denied (73 NY2d 889).
The identification evidence introduced at the trial consisted primarily of the testimony of the victim. This testimony included a description of a tattoo of a cross between the thumb and index finger of the defendant’s hand as well as the fact that he smoked cigarettes from a flip-top box. In addition it was stipulated that the male seminal fluid on the victim’s pants was of a male type "A” blood group. This was the same blood group as the defendant. On the other hand there was testimony that the defendant’s hair color and style did not match the description given by the victim. There was also evidence that the victim had not mentioned the existence of four small, soft, colored lesions on the defendant’s penis.
The People are correct in their argument that there is no statutory authority for discovery in a criminal case after a judgment of conviction. The defendant acknowledges this lack of authority but argues that the court has the inherent power to fashion the relief (People v Bachert, 69 NY2d 593 [coram nobis for ineffective assistance of counsel on appeal]).
The issue as to whether and to what extent a court has "inherent power” in respect to proceedings before it has been and continues to be a vexing problem (see, Matter of Kisloff v Covington, 73 NY2d 445). Although the court has recognized the power in a number of cases (Matter of Lockett v Juviler, 65 NY2d 182; Matter of Lyons v Goldstein, 290 NY 19) there are clearly limits to that power and the court has not recognized its existence in a number of situations (People v Moquin, 77 NY2d 449, 452).
However we need not reach the issue of the courts’ "inherent power” since there is authority in the statute to vacate a judgment of conviction on the grounds of newly discovered evidence (CPL 440.10 [1] [g]). In order to set aside the judg *466 ment on this ground the newly discovered evidence (1) must be such as will probably, not merely possibly, change the result if a new trial is granted, (2) must have been discovered after the trial, (3) could not have been discovered before the trial even by the exercise of due diligence, (4) must be material, (5) must not be cumulative and (6) must not be merely impeaching or contradictory to the former evidence (People v Clerkin, 144 AD2d 684; 6 Zett, NY Crim Prac ¶ 50.3 [1] [g]). The People argue that the DNA evidence would not meet these criteria, particularly the requirement that the evidence not be merely contradicting or impeaching of former evidence.
The evidence sought for testing consists of semen and other secretions found on the victim’s clothes. It is not newly discovered in the traditional sense since it was available at trial and, in fact, an analysis of the evidence was introduced. The fact that the blood grouping was the same type "A” as the defendant’s was admitted into evidence despite its limited probative value (People v Mountain, 66 NY2d 197). Caution should be exercised in considering evidence as "newly discovered” when its existence was previously known and in fact was introduced at trial. The reason offered for the classification of this evidence as newly discovered is the fact that the DNA analysis to be performed by Lifecodes Corp. is now generally accepted by the courts in this State (see, People v Shi Fu Huang, 145 Misc 2d 513; People v Wesley, 140 Misc 2d 306; King v Tanner, 142 Misc 2d 1004; cf., People v Castro, 144 Misc 2d 956), but was not available at the time of trial in 1987. The People have not contested the unavailability of DNA evidence at the time of trial.
The court does not agree that this evidence would be merely contradictory of existing evidence. Scientific evidence in a criminal case has significant potential to influence a jury (see, People v Castro, 144 Misc 2d 956, supra). In view of the high degree of probity of the test when it is properly performed in accordance with established protocol upon uncontaminated and nondegraded samples (Annotation, DNA Identification, 84 ALR4th 313) it cannot be said that the new evidence would be merely contradictory of the evidence already in the case. While it would be better if the defendant could have established that the DNA analysis could be made on the existing samples, it does not appear that this could be done without conducting the very test requested (People v Karpeles, 146 Misc 2d 53, 61).
It is apparent that the application before the court is a *467 prelude to the making of the motion to set aside a judgment on the basis of newly discovered evidence. However there is no specific authority in the Criminal Procedure Law for discovery in connection with a motion to set aside a judgment. On the other hand there is authority for a court of record to devise and make new process and forms of proceedings necessary to carry into effect the power and jurisdiction possessed by it (Judiciary Law § 2-b [3]; People v Griffin, 138 Misc 2d 279). Thus the court finds that it has the requisite authority to order discovery on this application.
In Matter of Dabbs v Vergari (149 Misc 2d 844), the court was confronted with the same issue facing this court. In that case, the court converted a CPLR article 78 proceeding (to compel the District Attorney to permit DNA testing) into a motion for discovery. It then went on to compare the request for the DNA test to the prosecution’s constitutional pretrial requirement to disclose exculpatory evidence, and by a parity of reasoning held that the evidence should be discoverable even after conviction when the evidence has been preserved and has a high exculpatory potential. However, in this case, there has been no failure of the People to disclose evidence, and no authority has been cited which would require the prosecution to preserve evidence indefinitely after a conviction has been affirmed. While this court agrees with the results in the Dabbs case (supra) it finds that the better analogy is to an application for newly discovered evidence.
In any event, the prosecution is entitled to reasonable safeguards to insure the integrity of the evidence as well as any test results. Here the prosecution has requested to have a representative present when the blood sample is taken, and that request is granted. The People may include in the proposed order any other reasonable safeguards which they believe would be necessary.
Accordingly, the application for discovery and testing of the physical evidence, and for an order authorizing the taking of a blood sample from the defendant is granted. The expense of these procedures shall be borne by the defendant.