■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL AHLERS, Appellant. [728 NYS2d 246] —Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), entered March 24, 2000, which denied defendant's motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence.

Following a bench trial in 1982, defendant was found guilty of sodomy in the first degree (two counts), sodomy in the second

degree, sodomy in the third degree, sexual abuse in the first degree (three counts) and endangering the welfare of a child (two counts) and sentenced to an aggregate prison term of 15 to 30 years in prison. This Court affirmed the conviction on appeal (98 AD2d 821). Defendant moved, 18 years after his conviction, for an order pursuant to CPL 440.30 (1-a) for DNA testing on "one green striped towel which was allegedly used to clean up after ejaculations." County Court denied defendant's motion and this appeal ensued.

CPL 440.30 (1-a) provides: "In cases of convictions occurring before January first, nineteen hundred ninety-six, where the defendant's motion requests the performance of a forensic DNA test on specified evidence, and upon the court's determination that any evidence containing deoxyribonucleic acid ("DNA") was secured in connection with the trial resulting in the judgment, the court shall grant the application for forensic DNA testing of such evidence upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant." Contrary to defendant's contention, it is incumbent upon a defendant to "show that the evidence to be tested still exists and is available in quantities sufficient to make testing feasible at this late date" (*Matter of Washpon v New York State Dist. Attorney*, 164 Misc 2d 991, 997; *see, People v Trama*, 167 Misc 2d 93, 96).

Here, it is conceded that the towel was never introduced at trial. It is unclear, however, whether the towel "was secured" as evidence in connection with the prosecution of defendant (CPL 440.30 [1-a]). The People, nevertheless, aver that all evidence in connection with defendant's arrest and prosecution was destroyed after his conviction was affirmed on appeal over 17 years ago. We therefore affirm the denial of defendant's motion inasmuch as he has failed to demonstrate that the towel is still in existence (*see, Matter of Washpon v New York State Dist. Attorney, supra*). Furthermore, we reject defendant's assertion that there should be a hearing to investigate the circumstances surrounding when and if the towel was destroyed inasmuch as the People are under no obligation to maintain evidence after all appeals have been exhausted (*see, People v Watkins*, 189 AD2d 623).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.