OPINION OF THE COURT
Peter J. Benitez, J.
Defendant was tried before this court and a jury in 1999 and found guilty of murder in the first degree and other crimes. On *338 October 6, 1999, he was sentenced to life without parole and other sentences which are to run currently with that life sentence. Defendant has appealed his conviction to the Appellate Division, First Department, and the appeal has been perfected. During the pendency of that appeal defendant’s counsel filed a motion pursuant to CPL 440.10 in this court seeking to have defendant’s conviction set aside based on claims of ineffective assistance of trial counsel. Defendant has raised that same claim in his appeal from his conviction, but asserts that certain aspects of his claim of ineffectiveness are outside the record and, therefore, must be pursued by post-judgment motion. The People responded to that CPL 440.10 motion and this court is awaiting a reply from defendant’s counsel.
While this court awaited submission of the postjudgment motion, defendant’s counsel filed with the District Attorney’s Office and presented to this court three subpoenas duces tecum seeking court ordered production of records from governmental agencies. One subpoena sought production of records by the New York State Division of Parole relating to its supervision of defendant during a two-month period in 1997 which covered the date of the crime. Another subpoena sought production of records by the New York City Housing Authority relating to tenant and visitor information in connection with a particular apartment in the Bronx for a four-month period in 1997. The third subpoena sought production of records by the New York City Department of Correction relating to visits by defendant and a prosecution trial witness to the law library at the facility where both were housed for a two-week period following defendant’s arrest.
The question here is whether defendant has a right to have his attorney issue or the court issue on his behalf the subpoenas in question. Several trial courts have written on the question of whether a defendant can obtain discovery or use compulsory process in connection with a prospective or pending postjudgment CPL 440.10 proceeding where no evidentiary hearing has yet been ordered. (See, People v Callace, 151 Misc 2d 464 [Suffolk County Ct 1991]; Matter of Dabbs v Vergari, 149 Misc 2d 844 [Sup Ct, Westchester County 1990]; People v Brown, 162 Misc 2d 555 [Cayuga County Ct 1994]; People v Johnston, 2002 NY Slip Op 50140[U] [Putnam County Ct 2002].) People v Callace (supra) and Matter of Dabbs v Vergari (supra) are distinguishable from the issue presented here as those cases involved the production of physical evidence for DNA testing, not the *339 use of compulsory process. Additionally, the Legislature has specifically addressed the procedures for obtaining DNA testing in connection with postjudgment proceedings in CPL 440.30 (1-a) (eff Aug. 2, 1994).
In People v Johnston (supra at *10, citing People v Gissendanner, 48 NY2d 543 [1979]), the court denied defendant’s request for the issuance of a subpoena duces tecum on the ground that the defendant had failed to make a factual showing that there was a reasonable likelihood that the documents sought would bear “relevant and exculpatory evidence.” People v Gissendanner (supra), however, did not deal with the authority of a defendant or court to use compulsory process in a postjudgment proceeding in the absence of an ordered evidentiary hearing.
In People v Callace (supra), the court held that Judiciary Law § 2-b (3) authorized judicial creation of postjudgment discovery procedures in criminal cases even where not specifically provided for by the Criminal Procedure Law. This court does not find such reasoning applicable to the use of compulsory process, as subpoena practice is specifically governed and limited by statute.
CPL 610.10 (2) defines a “subpoena” as “a process of the court directing the person * * * to attend and appear as a witness in a designated action or proceeding in such court.” CPL 610.10 (3) defines “subpoena” to include a subpoena duces tecum which requires the witness “to bring with him [or her] and produce certain evidence.”
CPL 610.20 (3) provides that an attorney for a defendant in a criminal action or proceeding, as an officer of the criminal court, may issue a subpoena of such court by him or herself “for the attendance in such court of any witness whom the defendant is entitled to call in such action or proceeding.” That section further provides that a subpoena to a governmental agency or a representative thereof may not be issued by a defendant’s attorney, but rather, must be issued only upon order of the court as provided for in CPLR 2307. Accordingly, defendant is seeking court issuance of these three subpoenas.
CPL 1.20 (16) provides that a “criminal action” terminates with the imposition of sentence. Accordingly, the criminal action in which defendant was prosecuted, convicted and sentenced is no longer pending in this court.
However, CPL 1.20 (18) provides that a “criminal proceeding” is any proceeding which constitutes a part of the criminal action or a proceeding which occurs in a criminal court that is *340 related to a “prospective, pending or completed criminal action * * * or involves a criminal investigation.” Accordingly, as a postjudgment motion has been filed in this court relating to the completed criminal action, a “criminal proceeding” is pending before this court.
However, the issuance of a subpoena requires more than simply that there be a criminal action or proceeding before the designated court in which attendance of a witness or production of records is sought. CPL 610.20 (3) requires that the defendant be “entitled to call” that witness in the action or proceeding in order for a subpoena to that witness to be issued.
The filing of a postjudgment motion pursuant to CPL 440.10 does not create a right to an evidentiary proceeding in which defendant is entitled to call witnesses or present evidence. Rather, CPL 440.30, detailing the procedure applicable to such postjudgment motions, requires that the court receiving the motion determine, after its submission, whether or not an evidentiary hearing on the allegations is warranted.
While CPL 440.30 (1) permits the submission of “documentary evidence or information” in support of the allegations made in the postjudgment motion, nowhere does the Criminal Procedure Law authorize the use of compulsory process to obtain such evidence prior to the court’s ordering a hearing on the motion.
That is not to say that defendant is unable to gather evidence or information that might provide a basis for a postjudgment motion or support such a motion in the absence of a court-ordered hearing. There are other means by which evidence, including records, can be obtained for presentation to a court in support of a postjudgment motion. For example, the records of the governmental agencies sought by defendant here might be available pursuant to the Freedom of Information Law. (See, Public Officers Law art 6.) The public agencies may even be willing to provide the records to counsel without the need for a Freedom of Information Law request.
The use of the compulsory processes of this court may have superficial appeal as being more efficient where the information is sought for presentation to this court. However, if this court were to sanction the use of a CPL article 610 subpoena to compel the attendance of a witness or the production of records in a CPL 440.10 proceeding where no evidentiary hearing had yet been ordered, this court would have to determine whether the sought witness or evidence is relevant to the proceeding, entertain a motion to quash the subpoena brought by the *341 District Attorney or party to whom the subpoena was issued, inspect the produced material in camera if it involved records protected by a rule or statute providing confidentiality of those records, conduct proceedings to compel compliance with the issued subpoenas and punish, as contempt, under the Penal and/or Judiciary Laws, noncompliance with such subpoena. The power and authority of the court should not be so exercised in the absence of statutory authority.
This court finds it unnecessary to address the question of whether a defendant could make a showing that “due process” requires that a subpoena be used to obtain necessary information relating to a prospective or pending postjudgment CPL 440.10 motion even though not authorized by statute where such is the only way to obtain that information, as defendant has not made such a claim. (See, Chambers v Mississippi, 410 US 284 [1973]; People v Robinson, 89 NY2d 648 [1997].)
Accordingly, defendant’s request that the court authorize and/or order the issuance of the three subpoenas is denied.