THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEDHAT SHENOUDA, Appellant. [762 NYS2d 886] —Appeal by the defendant from so much of an order of the Supreme Court, Kings County (Marrus, J.), dated March 15, 2002, as, upon reargument, adhered to prior determinations and orders of the same court, dated October 29, 2001, and November 19, 2001, respectively, which denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court, rendered June 8, 1993, convicting him of attempted murder in the second degree, and imposing sentence. By decision, order, and certificate of this Court dated August 16, 2002, the defendant was granted leave to appeal from those portions of the order dated March 15, 2002, which are not appealable as of right pursuant to CPL 450.10 (5).

Ordered that the order dated March 15, 2002, is affirmed insofar as appealed from.

Contrary to the defendant's contention, that branch of his motion which was to direct the performance of a forensic DNA test on specified evidence pursuant to CPL 440.30 (1-a) was properly denied. The defendant failed to show that the evidence sought to be tested was available in quantities sufficient to make testing feasible (*see People v Ahlers,* 285 AD2d 664 [2001]). In any event, even if there had been sufficient DNA evidence to be tested and those results were admitted into evidence, the defendant failed to show that "there exists a reasonable probability that the verdict would have been more favorable" to him (CPL 440.30 [1-a]; *see People v Tookes,* 167 Misc 2d 601 [1996]).

The Supreme Court also properly denied that branch of the defendant's motion which was to vacate his judgment of conviction on *Rosario* and *Brady* grounds (*see People v Rosario,* 9

NY2d 286 [1961], *cert denied* 368 US 866 [1961]; *Brady v Maryland,* 373 US 83 [1963]), because it was based solely on the defendant's own unsubstantiated allegations and was belied by the record (*see* CPL 440.30 [4] [d]; *People v Oliviery-Perez,* 248 AD2d 645 [1998]).

The defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Davenport,* 233 AD2d 771, 773 [1996]; *People v Aguilar,* 224 AD2d 704 [1996]). Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.