■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK KEENE, Appellant. [772 NYS2d 337]—

Appeals by the defendant from (1) an order of the Supreme Court, Queens County (Cooperman, J.), dated June 25, 2001, which, without a hearing, denied his motion pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence recovered by the police, and (2) so much of an order of the same court dated July 31, 2001, as, upon reargument, adhered to its original determination. The notice of appeal from the order dated June 25, 2001, is also deemed a premature notice of appeal from the order dated July 31, 2001 (*see* CPL 460.10 [6]).

Ordered that the appeal from the order dated June 25, 2001, is dismissed, as that order was superseded by the order dated July 31, 2001, made upon reargument; and it is further,

Ordered that the order dated July 31, 2001, is reversed insofar as appealed from, on the law, the order dated June 25, 2001, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith.

The defendant was indicted for the crime of sodomy in the first degree and related crimes. The charges arose out of an incident which occurred in February 1989 when a 15-year-old girl was attacked in the basement of her apartment building. DNA testing was conducted on a shirt recovered from the victim and a blood sample obtained from the defendant, which resulted in a positive match. However, after a *Frye* hearing (*see Frye v United States,* 293 F 1013 [1923]), the Supreme Court found that the laboratory "did not substantially perform scientifically accepted tests" and its methodology "did not achieve scientifically reliable results" (*People v Keene,* 156 Misc 2d 108, 121 [1992]). Testimony at the hearing indicated that the laboratory deviated from its own standard methodology in conducting the testing and that if it had utilized its standard methodology which, in any event, was not generally accepted by the scientific community, a match would not have been achieved (*see People v*

*Keene, supra).* The defendant's application for retesting was denied and the results of the testing were not admitted into evidence at the defendant's trial. At trial, the victim identified the defendant as her assailant. Three witnesses testified for the defendant in support of his alibi defense. He was found guilty and his conviction was affirmed on appeal (*see People v Keene,* 213 AD2d 494 [1995]).

In February 2001 the defendant made a pro se motion pursuant to CPL 440.30 (1-a) requesting DNA testing of the shirt. The Supreme Court denied the motion, without a hearing, and, upon reargument, adhered to its original determination.

Although DNA testing was conducted prior to the defendant's trial, the testing was flawed and the results were unreliable. Retesting was not permitted. Consequently, this is not a case where a defendant has failed to avail himself of the opportunity for DNA testing prior to trial (*compare People v Perry,* 295 AD2d 452 [2002]; *People v Pinckney,* 291 AD2d 575 [2002]; *People v Pugh,* 288 AD2d 634 [2001]; *People v Kellar,* 218 AD2d 406 [1996]). Further, the defendant demonstrated a reasonable probability of a favorable verdict if the test results negate the proof of guilt (*see* CPL 440.30 [1-a]; Preiser, 1994 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.30, 2004 Pocket Part, at 310; *People v Tookes,* 167 Misc 2d 601, 603 [1996]). Under the circumstances, DNA testing should be permitted if the evidence still exists and is sufficient for testing. The defendant made a threshold showing in that regard and the People refused to admit or deny that the evidence still exists and did not refute the defendant's contention that sufficient material remains for testing (*compare People v Shenouda,* 307 AD2d 938 [2003], *lv denied* 100 NY2d 645 [2003]; *People v Logan,* 291 AD2d 459 [2002]; *People v Ahlers,* 285 AD2d 664 [2001]). The People's contention that their failure to admit or deny existence of the evidence "meant nothing" fails to recognize that judicial resources may have been wasted litigating issues which will be rendered academic if the evidence no longer exists. We remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the shirt is still in existence and, if so, whether there is sufficient DNA material for testing. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.