[820 NYS2d 296]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BYRDSONG, Appellant.

Second Department, August 1, 2006

**APPEARANCES OF COUNSEL**

*Steven Banks*, New York City (*Harold V. Ferguson, Jr.*, of counsel), for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*John M. Castellano, Nicoletta J. Caferri, Michael Tarbutton* and *Sharon Y. Brodt* of counsel), for respondent.

## OPINION OF THE COURT

GOLDSTEIN, J.

At issue here is whether a defendant who pleads guilty to the crime in issue is entitled to deoxyribonucleic acid (hereinafter DNA) testing pursuant to CPL 440.30 (1-a). We find that relief pursuant to CPL 440.30 (1-a) is not available to a defendant who pleads guilty.

On December 7, 1981, the complainant was the victim of a crime perpetrated by three persons. The complainant contended that while one perpetrator held a gun to her head, another raped and anally sodomized her. She was also robbed and subjected to oral sodomy.

The complainant identified the defendant as one of the perpetrators from photographs and in a lineup. A fingerprint recovered from the scene was not the defendant's. The defendant's two accomplices were never identified or apprehended.

Under Queens County indictment No. 246/82, the defendant was indicted for rape in the first degree, sodomy in the first degree (three counts), robbery in the first degree, criminal use of a firearm in the first degree, burglary in the second degree, and sexual abuse in the first degree (three counts).

The defendant pleaded guilty to robbery in the first degree to cover the entire indictment. On appeal to this Court, the judgment of conviction was affirmed (*People v Byrdsong*, 144 AD2d 1048 [1988]). Leave to appeal to the Court of Appeals was denied (*People v Byrdsong*, 73 NY2d 889 [1989]).

In November 2000 the defendant moved for DNA testing pursuant to CPL 440.30 (1-a). That statute provides:

> "Where the defendant's motion requests the performance of a forensic DNA test on specified evidence, and upon the court's determination that any evidence containing [DNA] was secured in connection with the trial resulting in the judgment, the court shall grant the application for forensic DNA testing of such evidence upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable prob-

ability that the verdict would have been more favorable to the defendant." (CPL 440.30 [1-a] [a].)

In the order appealed from, the Supreme Court denied the defendant's motion on the grounds, inter alia, that, since the defendant pleaded guilty, there was no trial "as is contemplated by the statutory provision." The defendant appealed from that order pursuant to CPL 450.10 (5), which authorizes a direct appeal.

On appeal, the defendant contends that he should not be precluded from moving for DNA testing because he pleaded guilty, on the ground that the "state Legislature did not intend such an absurd result." The People contend that CPL 440.30 (1-a), by its terms, only applies if there was a "trial resulting in the judgment."[1]

Prior to the enactment of CPL 440.30 (1-a) a postconviction application for DNA testing was treated as an application for discovery in furtherance of a motion pursuant to CPL 440.10 (1) (g) (*see People v Callace,* 151 Misc 2d 464 [1991]; *see also People v Dabbs,* 154 Misc 2d 671 [1991]; *Matter of Dabbs v Vergari,* 149 Misc 2d 844 [1990]). CPL 440.10 (1) (g) authorizes a motion to vacate a judgment of conviction upon the ground that:

> "New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence."

---

1. The People also claim that the evidence in question—the complainant's panties and a vaginal swab contained in the rape kit—were destroyed in 1984. The People have "the burden of establishing with sufficient specificity whether the evidence existed and could be tested" (*People v Pitts,* 4 NY3d 303, 312 [2005]). The People have filed with this Court the copy of a certified invoice from the Police Department Property Clerk Division stamped "CLOSED Feb 28 1984 DESTROYED."

An official record may be sufficient to satisfy the People's burden of proof on this issue (*see id.*). However, the question of whether the evidence exists should be determined by the motion court, where the defendant has an opportunity to respond and contest the documentary evidence, and not for the first time on appeal (*see People v Keene,* 4 AD3d 536 [2004]).

In *People v Callace (supra)* the court noted that "there is no specific authority in the Criminal Procedure Law for discovery in connection with a motion to set aside a judgment" (*People v Callace, supra* at 467). The court nevertheless directed the DNA testing pursuant to Judiciary Law § 2-b (3), which grants the courts the power "to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it."

In view of the finding that "new process and forms of proceedings" were necessary, the Legislature deemed it "appropriate and necessary to amend" CPL 440.30 to provide for such procedures (Barber and Gur-Arie, New York's DNA Data Bank and Commission on Forensic Science, at 15 [Matthew Bender 1994]). CPL 440.30 sets forth the procedures to be followed on a motion to vacate a judgment of conviction pursuant to CPL 440.10 and 440.20. Its purpose is to provide a mechanism for obtaining "DNA testing in support of a motion to vacate a judgment on the ground of newly discovered evidence" (Preiser, 1994 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.30, 2005 Pocket Part, at 318; *see People v Shenouda,* 307 AD2d 938 [2003]; *People v Pugh,* 288 AD2d 634 [2001]; *People v Smith,* 245 AD2d 79 [1997]; *People v Kellar,* 218 AD2d 406, 410 [1996]; *People v Sterling,* 6 Misc 3d 712 [2004]; *People v Trama,* 167 Misc 2d 93 [1995]).[2]

The applicability of CPL 440.10 (1) (g) is "expressly conditioned upon the existence of a verdict of guilty rendered after trial" (*People v Latella,* 112 AD2d 321, 322 [1985]; *accord People v Lahon,* 17 AD3d 778 [2005]). The language of CPL 440.30 (1-a) tracks the language of CPL 440.10 (1) (g) by imposing a requirement that there is a reasonable "probability" that "the verdict would have been more favorable to the defendant" had the DNA evidence been admitted at "the trial."

CPL 440.30 (1-a) has broader application than CPL 440.10 (1) (g) (*see People v Pitts,* 4 NY3d 303, 310 [2005]). Unlike CPL 440.10 (1) (g), CPL 440.30 (1-a) makes no reference to "due diligence." There is no requirement that the defendant proceed under CPL 440.30 (1-a) with due diligence after his or her

---

2. Initially, the denial of a motion pursuant to CPL 440.30 (1-a) was not appealable on its own, either as of right or by permission pursuant to CPL 450.15 (*see People v Kellar,* 89 NY2d 948 [1997]). In 1999, CPL 450.10 was amended to provide that the denial of a motion pursuant to CPL 440.30 (1-a) is appealable as a matter of right (L 1999, ch 560, § 7).

conviction (*see People v Pitts, supra* at 311).[3] Moreover, the People, and not the defendant, have the burden of establishing whether the evidence exists and can be tested (*see People v Pitts, supra* at 312), although a finding by the court "that the specified evidence no longer exists or the physical location of such specified evidence is unknown . . . in and of itself shall not be a factor from which any inference unfavorable to the people may be drawn" (CPL 440.30 [1-a] [b]).[4] However, CPL 440.30 (1-a) explicitly imposes a requirement that there was a "reasonable probability" that the test results would have resulted in a "more favorable verdict . . . had the results . . . been introduced at trial" (*People v Pitts, supra* at 311; *see People v Mattocks,* 15 AD3d 676, 677 [2005]).

In support of his claim that CPL 440.30 (1-a) is applicable to a conviction upon a plea of guilty the defendant cites *Weeks v State* (140 SW3d 39 [Mo 2004]). That case interpreted Missouri Revised Statutes § 547.035, which permits a person in custody to seek DNA testing to prove his or her innocence of the crime for which he or she is in custody upon proof that there is in fact evidence which could be tested of which "[n]either the movant nor his . . . trial counsel was aware . . . at the time of trial," identity was an issue at the trial, and "a reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained." The court in *Weeks v State* (*supra* at 46) found although the statute referred to the "time of trial" there was no requirement that the defendant show that he or she was convicted after trial.

However, where the statutory language states that the defendant seeking relief "has been tried and found guilty" (Fla Stat Ann § 925.11 [1] [a]) or states that the conviction was the result of a trial (725 Ill Comp Stat 5/116-3 [b] [1]) a defendant who

---

**3.** In its original version, CPL 440.30 (1-a) applied only to convictions occurring before January 1, 1996 (L 1994, ch 737, § 2) which was the date when Executive Law § 995-c implementing a "State DNA identification index" would go into effect (L 1994, ch 737, § 3), in apparent recognition that prior to that date, DNA evidence could not be presented at trial with due diligence (*see* Preiser, 1994 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.30, 2005 Pocket Part, at 318). In 2004, the provision was amended to delete the requirement that the conviction occur prior to January 1, 1996 (L 2004, ch 138) thus permitting motions pursuant to CPL 440.30 (1-a) even in cases where the DNA evidence could have been presented at trial with due diligence.

**4.** CPL 440.30 (1-a) (b) was added in 2004 to provide for discovery of the location of DNA evidence from the People or other public or private entity (L 2004, ch 138, § 2).

pleads guilty may not seek postconviction DNA testing based upon the statutory language (*see Reed v State,* 874 So 2d 648 [Fla 2004]; *People v Lamming,* 358 Ill App 3d 1153, 833 NE2d 925 [2005]).

CPL 440.30 (1-a) twice uses the language "trial resulting in the judgment" in addition to imposing the requirement that "if the results [of the DNA testing] had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant." Thus, the New York State statute explicitly requires conviction by verdict and judgment after trial.

Since the defendant pleaded guilty, he is not entitled to relief pursuant to CPL 440.30 (1-a). Arguments as to whether defendants who plead guilty should be permitted to seek relief pursuant to CPL 440.30 (1-a), and if so under what circumstances, should be addressed to the New York State Legislature.

In view of the foregoing, we need not address the parties' remaining contentions.

Accordingly, the order appealed from should be affirmed.

FLORIO, J.P., CRANE and SPOLZINO, JJ., concur.

Ordered that the order is affirmed.