THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WORKMAN, Appellant. [900 NYS2d 216]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 29, 2008. The order denied the motion of defendant pursuant to CPL 440.30 (1-a) for DNA testing of certain evidence.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Supreme Court properly denied the postjudgment motion of defendant pursuant to CPL 440.30 (1-a) seeking DNA testing of hair and retesting of other evidence secured in connection with his 1996 conviction of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). We previously affirmed the judgment convicting defendant of those crimes (*People v Workman*, 256 AD2d 1218 [1998], *lv denied* 93 NY2d 931 [1999]). Although hair found in the hotel room where the murder occurred and on the murder weapon did not belong to either defendant or the victim, the jury was aware of that fact at the time of trial. The evidence at trial also established that the unidentified hair could have been in the hotel room for a long period of time and could have been transferred onto the murder weapon when it was placed on the floor. Thus, defendant failed to establish that " 'if [DNA] results [concerning the hair] had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable' to him" (*People v Burr*, 17 AD3d 1131, 1132 [2005], *lv denied* 5 NY3d 760 [2005], *lv denied upon reconsideration* 5 NY3d 804 [2005], quoting CPL 440.30 [1-a] [a]; *see People v Pitts*, 4 NY3d 303, 311 [2005], *rearg denied* 5 NY3d 783 [2005]). Further, prior DNA testing established the presence of defendant's semen on the hotel bed sheets and the victim's blood on the murder weapon, and those test results were admitted in evidence at trial. Although defendant sought to have that evidence retested using newer DNA testing

procedures, he failed to establish that any DNA evidence from that retesting would have exonerated him (*see People v Brown*, 36 AD3d 961 [2007], *lv denied* 8 NY3d 920 [2007]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.