Order, Supreme Court, Bronx County (John N. Byrne, J.), entered on or about October 14, 2005, which denied defendant’s motion pursuant to CPL 440.30 (1-a) for DNA testing, unanimously affirmed.
*443 The court properly denied defendant’s motion for DNA testing of a hair found in the apartment where he, his codefendant, and an unidentified man shot three women after kidnapping them. Defendant’s argument that the verdict would have been more favorable to him if the results of DNA testing of the hair had been admitted is unavailing (see generally People v Pitts, 4 NY3d 303, 311 [2005]).
The hair has little or no value because there is no indication that it was left at the time of the crime, and it could have been left by anyone who had ever been in that apartment. Assuming that DNA testing of the hair would have revealed that it did not belong to defendant or the codefendant, this would have merely confirmed testimony the jury had already heard: that the hair was scientifically tested and was not found to belong to either of them (see People v Workman, 72 AD3d 1640 [4th Dept 2010], lv denied 15 NY3d 925 [2010], lv denied 16 NY3d 838 [2011]).
Defendant argues that DNA testing of the hair might support a third-party culpability defense. He argues that testing might lead to a match with someone in a DNA database, and that this previously unidentified person, in turn, might be a person linked to circumstances that allegedly provided a possible alternative motive for the underlying homicide. This highly speculative theory does not serve as a basis for DNA testing (see People v Figueroa, 36 AD3d 458, 459 [1st Dept 2007], lv denied 9 NY3d 843 [2007]; cf. People v Gamble, 18 NY3d 386, 398-399 [2012] [upholding exclusion of speculative third-party culpability evidence]). Finally, we note that on defendant’s direct appeal this Court found the trial evidence to be overwhelming (People v Concepcion, 187 AD2d 316, 317 [1992], lv denied 81 NY2d 787 [1993]). Concur — Andrias, J.E, Friedman, Acosta, Freedman and Clark, JJ.