# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

538

KA 12-01908

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

NEWNON FLAX, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

NEWNON FLAX, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered May 3, 2012. The order, insofar as appealed from, denied that part of the motion of defendant pursuant to CPL 440.30 (1-a) for DNA testing.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, and the matter is remitted to Supreme Court, Erie County, for a hearing in accordance with the following Memorandum: Defendant appeals from that part of an order denying his postjudgment motion pursuant to CPL 440.30 (1-a) for DNA testing of a certain item of evidence secured in connection with his conviction of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). This Court previously modified the judgment of conviction by vacating the sentence (*People v Flax*, 155 AD2d 894, *lv denied* 76 NY2d 734) and, on the appeal from the judgment after resentencing, we affirmed (*People v Flax*, 178 AD2d 1026). Preliminarily, we note that the notice of appeal herein incorrectly states that defendant is appealing from the judgment, rather than the order denying the postjudgment motion. As a matter of discretion in the interest of justice, however, we treat the notice of appeal as valid (*see* CPL 460.10 [6]; *People v Jones*, 114 AD3d 1272, 1272). Inasmuch as defendant's previous CPL 440.30 (1-a) motion was denied, CPL 440.10 (3) (b), made applicable to this motion pursuant to 440.30 (2), permits but does not require denial of the motion. Under the circumstances of this case, we conclude that Supreme Court erred in denying the instant CPL 440.30 (1-a) motion (*see People v Tankleff*, 46 AD3d 846, 847; *see also People v Hayes*, 284 AD2d 1008, 1009, *lv denied* 97 NY2d 641).

The identification evidence at trial consisted of testimony from the complainant that, although she could not see her attacker, she

recognized the voice as defendant's from the three words the attacker spoke when he grabbed her. The complainant also stated that she observed the profile of her attacker in the dark of night from three houses away as he was running from the scene. At trial, the complainant testified that, during a subsequent encounter, defendant made a statement indicating that the complainant "gave it to him." The complainant also testified, however, that defendant, during that same subsequent encounter, denied ever touching her. In a posttrial statement to a probation officer, the complainant stated that, during that subsequent encounter, defendant had told the complainant that "he had a girlfriend at home and that she[, i.e., the girlfriend,] would give it to him." Thus, what had initially been characterized by the prosecution as an admission by defendant actually may not have been one. In other words, the complainant's equivocal accounts of defendant's statements render it possible that defendant never admitted to engaging in any sexual encounter with the complainant, consensual or otherwise.

Following the attack, a semen stain was found on the crotch of the jumpsuit that the complainant had been wearing. There was no indication that the source of the semen could have been anyone but the attacker (*see e.g. Tankleff*, 46 AD3d at 847; *People v Keene*, 4 AD3d 536, 536-537; *cf. People v Swift*, 108 AD3d 1060, 1061, *lv denied* 21 NY3d 1077; *People v Workman*, 72 AD3d 1640, 1640, *lv denied* 15 NY3d 925, *reconsideration denied* 16 NY3d 838), but no DNA testing was performed on the jumpsuit. Based on the record before us, we conclude that "the evidence of defendant's guilt was not so overwhelming that a different verdict would not have resulted if . . . DNA testing excluded him" as the source of the semen on the jumpsuit (*People v West*, 41 AD3d 884, 885; *see People v Bush*, 90 AD3d 945, 946; *Keene*, 4 AD3d at 537). We therefore remit the matter to Supreme Court for a hearing to determine whether the jumpsuit is still in existence and, if so, whether there is sufficient DNA material for testing (*see Keene*, 4 AD3d at 537).

With respect to the contentions raised by defendant in his pro se supplemental brief, we conclude that they are not properly before us (*see People v Johnson*, 112 AD3d 969, 970).

Entered:  May 9, 2014                    Frances E. Cafarell
                                         Clerk of the Court