# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

661

KA 13-01896

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALEXANDER REED, DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Michael L. D'Amico, J.), entered September 13, 2013. The order, insofar as appealed from, denied that part of the motion of defendant seeking DNA testing pursuant to CPL 440.30 (1-a) (a).

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from that part of an order denying his pro se motion pursuant to CPL 440.30 (1-a) seeking DNA testing of blood that was on his boots when he was arrested. Because the blood was subjected to DNA testing before trial, and "CPL 440.30 (1-a) does not provide for retesting of DNA material" (*People v Holman*, 63 AD3d 1088, 1088, *lv denied* 13 NY3d 860; *see People v Jones*, 307 AD2d 721, 722, *lv denied* 1 NY3d 574, *reconsideration denied* 1 NY3d 629), we conclude that County Court properly denied the motion. In any event, we note that the primary issue at trial was the identity of the perpetrator who committed, inter alia, nine counts of murder in the second degree, and the People established through the testimony of multiple eyewitnesses, without presenting any DNA evidence, that the perpetrator was defendant (*People v Reed*, 236 AD2d 866, 866-867, *lv denied* 89 NY2d 1099). We therefore further conclude that there is no reasonable probability that the verdict would have been more favorable to him even if DNA testing had established that the blood on the boots was not that of any of the victims (*see* CPL 440.30 [1-a] [a] [1]; *People v Pitts*, 4 NY3d 303, 311, *rearg denied* 5 NY3d 783; *People v Swift*, 108 AD3d 1060, 1061-1062, *lv denied* 21 NY3d 1077; *People v Brown*, 36 AD3d 961, 961-962, *lv denied* 8 NY3d 920).

Entered: June 12, 2015                                Frances E. Cafarell
                                                      Clerk of the Court