People v Flax (2018 NY Slip Op 04492)





People v Flax


2018 NY Slip Op 04492


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


795 KA 16-01086

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NEWNON FLAX, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered May 18, 2016. The order, insofar as appealed from, denied that part of the motion of defendant pursuant to CPL 440.30 (1-a) for DNA testing. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted in 1988 of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). On a prior appeal, we reversed that part of an order denying defendant's postjudgment motion pursuant to CPL 440.30 (1-a) for DNA testing because " the evidence of defendant's guilt was not so overwhelming that a different verdict would not have resulted if . . . DNA testing excluded him' as the source of the semen" on an item of the complainant's clothing, i.e., a jumpsuit, secured in connection with the underlying criminal investigation (People v Flax, 117 AD3d 1582, 1584 [4th Dept 2014]). We therefore remitted the matter to Supreme Court for a hearing to determine whether that jumpsuit still existed and, if so, whether there was sufficient DNA material on it for testing (id.).
Defendant now appeals from an order denying his motion for DNA testing after the hearing. Contrary to defendant's contention, the court properly determined that the People satisfied their burden of establishing that the jumpsuit could not be located by producing reliable information concerning their efforts to determine the whereabouts of that item of clothing (see generally People v Pitts, 4 NY3d 303, 312 [2005]). At the hearing, the People called a police department property clerk, a crime scene unit detective, the forensic chemist who conducted the original testing of the jumpsuit, and a District Attorney's Office investigator, each of whom testified in detail regarding their unsuccessful efforts to locate the jumpsuit (see People v Williams, 128 AD3d 569, 569 [1st Dept 2015], lv denied 26 NY3d 937 [2015]; People v Garcia, 65 AD3d 932, 933 [1st Dept 2009], lv denied 13 NY3d 907 [2009]). Contrary to defendant's further contention, CPL 440.30 (1-a) (b) expressly precludes the court from drawing an adverse inference based on a purported failure to preserve evidence where, as here, the People established that, despite their efforts, "the physical location of [the] specified evidence is unknown."
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court