People v Dorcinvil (2019 NY Slip Op 06613)





People v Dorcinvil


2019 NY Slip Op 06613


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-13011
 (Ind. No. 5106/07)

[*1]The People of the State of New York, respondent,
v
Jacques Dorcinvil, appellant.


Paul Skip Laisure, New York, NY (Erica Horwitz and Kendra L. Hutchinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant pursuant to CPL 450.10(5) from so much of an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated October 27, 2016, as denied, without a hearing, that branch of his motion which was pursuant to CPL 440.30(1-a) for forensic testing of certain evidence.
ORDERED that the order is affirmed insofar as appealed from.
The defendant was convicted, after a jury trial, of, among other crimes, murder in the second degree and attempted murder in the second degree for the stabbing death of his girlfriend and the stabbing of her adolescent son (see People v Dorcinvil, 122 AD3d 874). Subsequently, the defendant moved, inter alia, pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence. Specifically, the defendant sought to retest a jacket found at the scene of the crime, and a black shirt dropped by the assailant in front of the building where the victims lived. He also sought to test fingernail scrapings taken from the decedent and trace evidence found in the pocket of the black shirt, which were not previously tested. In an order dated October 27, 2016, the Supreme Court denied that branch of the defendant's motion without a hearing. The defendant appeals, and we affirm.
Pursuant to CPL 440.30(1-a)(a)(1), the court is required to grant a defendant's application for forensic DNA testing of specified evidence where it determines "that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant." The statute, however, does not provide for retesting of DNA material (see People v Witherspoon, 156 AD3d 828; People v Reed, 129 AD3d 1508; People v Jones, 125 AD3d 1327, 1328; People v Holman, 63 AD3d 1088). Since the jacket and the black shirt were already subjected to DNA testing prior to trial, the Supreme Court properly denied so much of the defendant's motion as sought to retest those items. Furthermore, the defendant failed to show that there was a reasonable probability that the verdict would have been more favorable to him if DNA testing had been performed on the trace evidence found in the shirt pocket or the fingernail scrapings and the results [*2]admitted at trial (see CPL 440.30[1-a]; People v Slavik, 166 AD3d 817; People v Flax, 117 AD3d 1582, 1584; People v Concepcion, 104 AD3d 442, 443; People v Fuentes, 44 AD3d 871; People v West, 41 AD3d 884, 885; People v Brown, 36 AD3d 961, 962; People v Mattocks, 15 AD3d 676, 677). Accordingly, we agree with the court's determination denying, without a hearing, that branch of the defendant's motion which was pursuant to CPL 440.30(1-a) for forensic DNA testing of the subject evidence.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court