■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN POUGH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 1, 1990, convicting him of murder in the second degree (two counts) and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court failed to conduct a "probing and tactful inquiry" *(People v Buford,* 69 NY2d 290, 299; *see,* CPL 270.35) of a juror who was notified, during the course of the jury's deliberations, that his father had suffered a stroke. The juror was permitted, upon consent of both counsel and the defendant, to make a supervised telephone call. Thereafter, despite having given his assent to the juror making the telephone call, the defense counsel moved for a mistrial on the ground that the juror had been separated from the jury. Since the defense counsel moved for a mistrial on that ground, and not on the ground now asserted, i.e., that the trial court failed to conduct a proper inquiry, the issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, the contention is without merit.

The defendant next contends that the trial court's charge to the jury denied him his right against self-incrimination. The trial court instructed the jury that no adverse inference could be drawn from the defendant's failure to testify at the trial. However, later in the charge, in its instructions as to whether the defendant acted intentionally the court stated, "if he speaks, he may not speak the truth". The defendant has failed to preserve this issue for appellate review since no objection was made to the charge as given *(see,* CPL 470.05 [2]; *People v McLucas,* 15 NY2d 167, 170-171). However, upon review of the issue in the exercise of our interest of justice jurisdiction, we find that although the trial court's comment was unwarranted, the charge as a whole properly conveyed the relevant principles of law to the jury *(see, People v Canty,* 60 NY2d 830). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.