■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY PIERCE, Appellant. [705 NYS2d 333] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered April 7,

1994, convicting defendant, after a nonjury trial, of murder in the second degree, and sentencing her to a term of 15 years to life, unanimously affirmed.

In this case where defendant was charged with throwing her baby granddaughter off a roof, the court properly exercised its discretion in receiving the testimony of a detective who reconstructed the incident by dropping a weighted bag and thereby determining that the location where the victim was found was not consistent with defendant's claim that the victim fell from a window in a second-story apartment. We conclude that the People laid an appropriate foundation for admission of his reconstruction evidence, and that defendant's challenges to the testimony goes to the question of weight rather than admissibility (*see, People v Mariner*, 147 AD2d 659, *lv denied* 74 NY2d 666).

The court correctly denied defendant's motion to suppress the written statement she provided at the precinct. The hearing record establishes that defendant, who was cooperating with the police in their investigation of her granddaughter's death, voluntarily complied with the officers' request that she accompany them to the precinct for further investigation. A reasonable person innocent of any crime would have had no reason to believe that she was in custody (*see, People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851). Accordingly, the statement was not the product of an unlawful arrest or unlawful entry into defendant's residence. The hearing evidence also established the voluntariness of the statement.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.