■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON DAVIS, Appellant. [782 NYS2d 86]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered January 16, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to an aggregate term of 2 to 6 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

After conducting an appropriate colloquy, the court properly permitted defendant to represent himself at trial (*see People v Arroyo*, 98 NY2d 101 [2002]). Although defendant had expressed dissatisfaction with his attorney, his sole request was for permission to proceed pro se, and not for substitution of counsel. Therefore, contrary to defendant's present argument, the court was not required to inquire into the basis for such dissatisfaction, or to explore, sua sponte, the alternative remedy of assigning new counsel.

The court properly exercised its discretion in admitting, with limiting instructions, photographs designed to re-create the scene and illustrate the observing officer's ability to view the drug transaction. Any difference between the photographs and the circumstances under which the sale occurred went to the question of weight rather than admissibility (*see People v Pierce*, 270 AD2d 94 [2000], *lv denied* 95 NY2d 837 [2000]).

Since, under the circumstances of the case, the money recovered from defendant was relevant to both the sale and possession charges (*see People v Alvarado*, 256 AD2d 219 [1998], *lv denied* 93 NY2d 870 [1999]), the court's instruction to the jury on this subject was appropriate.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.