■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO L. COLEMAN, Appellant. [821 NYS2d 316]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 21, 2003. The judgment convicted

defendant, upon a jury verdict, of burglary in the first degree and assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of one count of burglary in the first degree (Penal Law § 140.30 [1]) and two counts of assault in the second degree (§ 120.05 [2]). Defendant contends that County Court erred in discharging a juror who stated that she was "having a very difficult time concentrating" and was "not following at all." That contention is not preserved for our review inasmuch as defendant did not object to the court's alleged failure to make a proper inquiry (*see People v Pough*, 185 AD2d 330 [1992], *lv denied* 80 NY2d 933 [1992]), nor did defendant object to the procedure utilized by the court in dismissing that juror (*see People v Lausane*, 16 AD3d 523, 523-524 [2005]). In any event, defendant's contention lacks merit. The record establishes that the court conducted a thorough inquiry, evaluated the answers and demeanor of the juror, and properly concluded that she had not been paying attention to the evidence and thus was "grossly unqualified to serve" as a juror (CPL 270.35 [1]; *see People v Cook*, 275 AD2d 1020 [2000], *lv denied* 95 NY2d 933 [2000]; *People v Williams*, 202 AD2d 1004 [1994]).

We also reject defendant's contention that the court committed reversible error in failing to read back the cross-examination testimony of a prosecution witness after reading back a portion of the direct testimony of that witness. The jury expressly stated that it did not wish to hear any further testimony (*see People v Farrell*, 209 AD2d 1020 [1994]; *cf. People v Berger*, 188 AD2d 1073, 1074 [1992], *lv denied* 81 NY2d 881 [1993]).

The verdict is not against the weight of the evidence on the issue of identification (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and "[t]here is no basis for disturbing the jury's determinations concerning identification and credibility" (*People v Ramero*, 24 AD3d 157, 157 [2005], *lv denied* 6 NY3d 779 [2006]). Defendant failed to preserve for our review his contention that prosecutorial misconduct during summation deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Pierce*, 219 AD2d 856 [1995], *lv denied* 87 NY2d 850 [1995]). In any event, that contention is without merit. The prosecutor's comments on summation did not shift the burden of proof to defendant, and they constituted either fair comment on the evidence or a fair response to defense counsel's summation (*see People v Kelly*, 309 AD2d 1149, 1150 [2003], *lv denied* 1 NY3d 575 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Green, JJ.