THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL P. ANZALONE, Appellant. [894 NYS2d 279]—

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered January 10, 2008. The judgment convicted defendant, upon a jury verdict, of attempted arson in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him

upon a jury verdict of attempted arson in the second degree (Penal Law §§ 110.00, 150.15), defendant contends that the conviction is not supported by legally sufficient evidence based on the circumstantial evidence standard charged to the jury. The general motion by defendant for a trial order of dismissal is insufficient to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit. The appropriate standard of review is not the circumstantial evidence standard but, rather, it is "whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime have been proven beyond a reasonable doubt" (*People v Cabey*, 85 NY2d 417, 421 [1995]; *see People v Pichardo*, 34 AD3d 1223, 1224 [2006]). Here, the evidence is legally sufficient to establish that defendant was the individual who attempted to start a fire in the building in question (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to defendant's further contention, County Court properly admitted in evidence a videotape reconstructing the incident. The videotape was relevant, and the People "established that there was 'substantial similarity' between the conditions under which the [reconstruction was] conducted and the conditions at the time of the event in question" (*Matter of Luis C.*, 222 AD2d 268, 269 [1995], quoting *People v Cohen*, 50 NY2d 908, 910 [1980], *rearg denied* 50 NY2d 1060 [1980], *cert denied* 461 US 930 [1983]; *see People v Wooten*, 283 AD2d 931, 933 [2001], *lv denied* 96 NY2d 943 [2001]). "Any difference between the [videotape] and the circumstances under which the [attempted arson] occurred went to the question of weight rather than admissibility" (*People v Davis*, 10 AD3d 583, 583 [2004], *lv denied* 4 NY3d 743 [2004]; *see People v Pierce*, 270 AD2d 94, 95 [2000], *lv denied* 95 NY2d 837 [2000]). Defendant failed to preserve for our review his contention that the prosecutor engaged in misconduct during summation by making a comment that shifted the burden of proof to defendant (*see People v Coleman*, 32 AD3d 1239, 1240 [2006], *lv denied* 8 NY3d 844 [2007]; *People v Pierce*, 219 AD2d 856 [1995], *lv denied* 87 NY2d 850 [1995]). In any event, that contention lacks merit inasmuch as the allegedly improper comment by the prosecutor was merely fair comment on the evidence (*see Coleman*, 32 AD3d at 1240). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.