# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**903**

**KA 11-02367**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID LOFTON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered August 9, 2011. The judgment convicted defendant as a juvenile offender, upon a jury verdict, of criminal sexual act in the first degree and burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the surcharge and DNA databank fee and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him as a juvenile offender, following a jury trial, of criminal sexual act in the first degree (Penal Law § 130.50 [1]) and burglary in the second degree (§ 140.25 [2]). Defendant contends that the prosecutor's remarks on summation shifted the burden of proof and denied him a fair trial. We reject that contention. "The prosecutor's comments on summation did not shift the burden of proof to defendant, and they constituted either fair comment on the evidence or a fair response to defense counsel's summation" (*People v Coleman*, 32 AD3d 1239, 1240, *lv denied* 8 NY3d 844; *see People v Miller*, 104 AD3d 1223, 1224, *lv denied* 21 NY3d 1017). In any event, any misconduct that may have occurred "was not so egregious as to deprive defendant of a fair trial" (*People v Tolliver*, 267 AD2d 1007, 1008, *lv denied* 94 NY2d 908; *see People v Walker*, 117 AD3d 1441, 1442, *lv denied* 23 NY3d 1044).

Contrary to defendant's contention, Supreme Court made a determination on the record that defendant was not an eligible youth for youthful offender treatment (*see* CPL 720.10 [2] [a] [iii]; [3]; *People v Middlebrooks*, 25 NY3d 516, 527), and the sentence is not unduly harsh or severe. As the People correctly concede, however, the surcharge and DNA databank fee are illegal and must be vacated because defendant was sentenced as a juvenile offender (*see* Penal Law §§ 60.00

[2]; 60.10; *People v Stump*, 100 AD3d 1457, 1458, *lv denied* 20 NY3d 1104).  We therefore modify the judgment accordingly.

Entered:  October 2, 2015

Frances E. Cafarell
Clerk of the Court