(July 9, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED L. DE LEO, JR., Appellant.—Mahoney, J. Appeals (1) from a judgment of the County Court of Hamilton County (Intemann, Jr., J.), rendered November 5, 1984, upon a verdict convicting defendant of the crimes of forgery in the second degree, perjury in the second degree and attempted grand larceny in the second degree, and (2) by permission, from an order of said court (Feldstein, J.), entered July 5, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged, *inter alia,* with one count of perjury in the second degree arising out of false statements that he made in a 1984 real property transfer gains tax affidavit regarding his status as attorney-in-fact for the seller and the amount of consideration received on the transfer of certain realty. The evidence established that defendant, who held himself out as engaged in the business of making or facilitating the acquisition of low interest loans, entered into an agreement with a South Dakota Hutterian Colony (hereinafter the Colony) in 1983 whereby he was to acquire income producing properties for it which would be funded primarily by the low interest loans. In furtherance of this venture, the Colony executed a power of attorney in defendant's favor. One such property acquired pursuant to the venture was an 80-acre tract in the Village of Long Lake, Hamilton County. This property was purchased for $145,000 and titled in the Colony's name. Subsequently, a falling out occurred and, on February 24, 1984, the Colony personally served defendant with a notice revoking his power of attorney.

Shortly thereafter, defendant caused a deed to be drawn transferring ownership of the Long Lake property from the Colony to a yet to be formed corporation, Adirondack Learning Center, Inc., for which defendant was sponsor. In conjunction with the transfer, defendant completed a real property transfer gains tax affidavit dated March 20, 1984 wherein he attested that he was the attorney-in-fact for the Colony and that the consideration received on the transfer was $1. Upon

completion of a jury trial, defendant was convicted, *inter alia,* of the perjury count. He timely filed a notice of appeal from the judgment and several years later, after he had completed serving his sentence, moved to vacate the judgment alleging, among other things, juror bias and ineffective assistance of counsel. Following County Court's summary denial of the motion, defendant obtained permission to appeal and both matters are now before us for disposition.

Initially, we concur with defendant that these appeals have not been rendered moot by the fact that he has since completed serving the imposed sentence. It is clear that a " 'criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction' " *(People v Mills,* 103 AD2d 379, 389, quoting *Sibron v New York,* 392 US 40, 57). The possibility of collateral consequences are clearly present here, e.g., use of the conviction to impeach defendant's testimony in subsequent proceedings and use as a basis for imposing second felony offender status should he be charged with any other felony counts in the future *(cf., Evitts v Lucey,* 469 US 387, 391, n 4).

Turning to the merits, we reject defendant's contention that the perjury conviction is based upon legally insufficient evidence or is against the weight of the evidence. The gravamen of his claim in this regard is that the misstatement of one's authority to act and the amount of consideration received in a transfer gains tax affidavit are not "material to the action, proceeding or matter involved" within the meaning of Penal Law § 210.10. We disagree. The purpose of the affidavit is to assess the amount of tax due, if any, upon the transfer of realty and to identify those responsible therefor *(see,* Tax Law art 31-B). Because calculation of taxes owed is dependent upon the consideration recited in the affidavit, any misrepresentation regarding the consideration is indeed material to the proper assessment of tax. The materiality of a misrepresentation of one's authority to act on behalf of a purported principal, inasmuch as it has the effect of potentially casting the principal in liability for taxes assessed, cannot be doubted. Upon review, we find the prosecution's evidence that defendant was not an attorney-in-fact for the Colony at the time he executed the affidavit, combined with evidence that defendant effected the transfer as a means of payment for services rendered to the Colony and for which he had not been paid, thus indicating that the transfer was for consideration in excess of the $1 recited in the affidavit, satisfies both the legal

sufficiency and weight of the evidence challenges *(see, People v Bleakley,* 69 NY2d 490, 495).

We likewise find no abuse of discretion in County Court's summary denial of defendant's CPL 440.10 motion to vacate the judgment on the ground of juror bias. The six-year-old unsworn statements relating comments allegedly made by two of the jurors are hardly sufficient to raise a triable issue regarding the validity of the judgment *(see, People v Friedgood,* 58 NY2d 467; *People v Session,* 34 NY2d 254; *People v Britt,* 148 AD2d 911; *People v Butts,* 140 AD2d 739).

Finally, considering the totality of the circumstances, we are not persuaded that defendant sustained his heavy burden of proving ineffective assistance of counsel *(see, e.g., People v Baldi,* 54 NY2d 137; *People v Jackson,* 172 AD2d 874, *lv denied* 78 NY2d 923; *People v Rivera,* 172 AD2d 633, *lv denied* 77 NY2d 999).

Weiss, P. J., Levine, Casey and Harvey, JJ., concur. Ordered that the judgment and order are affirmed.