■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE BIGTREE, Appellant. [647 NYS2d 869] —Crew III, J. Appeal, by permission, from an order of the County Court of Franklin County (Main, Jr., J.), entered March 31, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of resisting arrest, without a hearing.

Following a jury trial on charges of assault, criminal impersonation and resisting arrest, defendant was convicted of resisting arrest. No appeal was taken from the judgment of conviction because, according to trial counsel's averments, both he and defendant believed that there was sufficient evidence to support the conviction. One day after defendant's time to appeal the judgment of conviction expired, trial counsel learned, in response to a discovery request in an unrelated case, that defendant was videotaped by police officers shortly after his arrest. Defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 on the ground, *inter alia*, that his *Rosario* rights (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866) were violated, which motion was denied by County Court because defendant failed to demonstrate actual prejudice. By permission of this Court, defendant appeals and we now affirm.

Initially we note that, contrary to the People's argument, this appeal is not rendered moot by the fact that defendant has completed serving his six-month sentence (*see, People v De Leo*, 185 AD2d 374, 375, *lv denied* 80 NY2d 974). Turning to the merits, it is undisputed that the People's failure to turn over the videotape constituted a violation of defendant's *Rosario* rights and, generally, such failure constitutes per se reversible error (*see, e.g., People v Ranghelle*, 69 NY2d 56, 63). It is axiomatic, however, that a defendant who has exhausted his or her direct appeal from a judgment of conviction and subsequently seeks to raise a *Rosario* claim solely by way of a CPL 440.10 motion does not benefit from this general rule, but rather must show that actual, ascertainable prejudice resulted from the People's failure to comply with *Rosario* (*see, People v Jackson*, 78 NY2d 638, 641, 649).

Defendant argues that the principles espoused in *People v Jackson* (*supra*) should not apply in this case because he did not appeal his conviction, and therefore did not exhaust his direct appeal, and because he promptly moved to vacate same within the time period in which an appeal could have been perfected. We are unpersuaded by these contentions. Defendant, by not appealing the judgment of conviction within 30 days after his sentence was imposed, has indeed exhausted his direct appeal (*see*, CPL 460.10 [1] [a]). This being the case, the precepts delineated in *People v Jackson* (*supra*) apply with full force to the instant matter. To this end, we note that such precepts are grounded in society's interest in the finality of judgments as expressed by CPL 440.10 (1) (f) (*see, supra*, at 646-647, 649) and not, as suggested by defendant, simply in

temporal principles. Because defendant has wholly failed to demonstrate actual prejudice as a result of the People's *Rosario* violation, his motion to vacate the judgment of conviction was properly denied.

We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed.