■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL OLIVIERY-PEREZ, Appellant. [670 NYS2d 523] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Greenberg, J.), dated October 19, 1995 (entered in both actions), which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate two judgments of the same court, both rendered March 5, 1991, convicting him of robbery in the first degree (one count as to each indictment), upon jury verdicts, and imposing sentences.

Ordered that the order is affirmed.

The defendant contends that his convictions should be vacated because the People failed to provide him with certain notes of a police witness, Detective Freddy Wheeler, during the pretrial suppression hearing.

We disagree with the trial court's conclusion that there is "no justification" for defendant's failure to raise this issue on direct appeal. Although it appears from the record of the pretrial hearing that those notes were, in fact, shown to the defendant's counsel, the defendant contends that he never received the notes in question and therefore he is entitled to review pursuant to CPL 440.10 (*see, People v Dixon,* 165 AD2d 832).

During the pretrial hearing, the defendant's attorney noted during the cross-examination of Detective Wheeler by the codefendant's attorney that she had "not received a copy of every note that this witness made". Thereafter, during her cross-examination of Detective Wheeler, she again demanded to see all notes and paper work, and was handed Detective Wheeler's file for her examination in open court.

Where it is unclear from the record whether Rosario material was, in fact, disclosed to the defense, the proper course may be a hearing pursuant to CPL 440.10 (*see, People v Dawson,* 157 AD2d 606). However, we conclude that in this case, no hearing is required. The defendant's motion pursuant to CPL

440.10 is based solely on his own unsubstantiated allegations, and the fact that the codefendant's counsel requested to see the notes during the hearing but his request was denied (*see, People v Figueroa,* 219 AD2d 667). Detective Wheeler submitted an affidavit in opposition to the defendant's motion, stating that the notes were in his case folder and were disclosed to the defense counsel, but the defendant submitted no affidavit from his counsel refuting that claim (*see,* CPL 440.30 [4] [d] [i]). Further, it is clear from this record, assuming arguendo that the notes were not disclosed, that there is "no reasonable possibility" that the failure to disclose them contributed to the verdict (*People v Machado,* 90 NY2d 187, 189). Accordingly, the defendant's motion pursuant to CPL 440.10 was properly denied without a hearing (*see, People v Bigtree,* 231 AD2d 802; *People v Crippen,* 196 AD2d 548). Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.