■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEMDATH MARAJ, Appellant. [845 NYS2d 134]—

Lahtinen, J. Appeal, by permission, from an order of the County Court of Franklin County (Main, Jr., J.), entered September 5, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sale of marihuana in the third degree.

Defendant was charged with, among other things, criminal sale of marihuana in the third degree and criminal possession of marihuana in the second degree. At a time when he was unrepresented by counsel, the People offered a deal of pleading guilty to criminal sale of marihuana in the third degree in satisfaction of all charges. He appeared before County Court, still without an attorney, and explained that his application for assigned counsel had been rejected and that he had not yet found an attorney that he could afford. County Court questioned him regarding his efforts to retain counsel and elicited an assurance from defendant that he did not want an adjournment to seek counsel and that he wanted to proceed with the plea. Defendant then pleaded guilty and was eventually sentenced to 365 days in the Franklin County Jail. He did not file a notice of appeal from his judgment of conviction. He subsequently moved pursuant to CPL 440.10 to vacate the judgment on the grounds that his plea was obtained in violation of his right to counsel and was not knowingly, voluntarily and intelligently made. County Court denied the motion and this appeal ensued.

Initially, we find meritless the People's argument that, because defendant has served his jail time, the appeal is moot (see People v Bigtree, 231 AD2d 802, 803 [1996], lv denied 89 NY2d 919 [1996]; People v De Leo, 185 AD2d 374, 375 [1992], lv denied 80 NY2d 974 [1992]).

Nor are we persuaded by the People's assertion that defendant is precluded from raising the issue regarding his lack of counsel since he did not pursue a direct appeal. While it is settled that CPL 440.10 should not be "employed as a substitute for direct appeal" (People v Cooks, 67 NY2d 100, 103 [1986]), where, as here, the issue involves a defendant who received no representation by counsel (including when entering the plea and thereafter during the time to take an appeal) and he is challenging his purported waiver of that constitutional right, a collateral attack on the judgment of conviction may be considered (see People v Byroads, 24 AD2d 732, 733 [1965]; see also People v Silverman, 3 NY2d 200, 202 [1957]; cf. CPL 440.10 [3] [a]).

Next, we consider defendant's contention that his guilty plea should have been vacated upon the ground that it was obtained

in violation of his right to counsel. "The constitutional right to counsel is fundamental to our system of justice" (*People v Arroyo*, 98 NY2d 101, 103 [2002] [citations omitted]). "[B]efore proceeding pro se a defendant must make a knowing, voluntary and intelligent waiver of the right to counsel" and, "[i]n determining whether a waiver meets this requirement, the court should undertake a 'searching inquiry' of defendant" (*id.*, quoting *People v Slaughter*, 78 NY2d 485, 491 [1991]; *see People v Smith*, 92 NY2d 516, 520 [1998]). There is not a specific "catechism for this inquiry, . . . it 'may occur in a nonformalistic, flexible manner,'" and "when deciding whether a defendant actually understood the dangers of self-representation, a reviewing court may look to the whole record" (*People v Providence*, 2 NY3d 579, 580-581 [2004], quoting *People v Smith*, 92 NY2d at 520).

Here, we begin by observing that the record does not include a clear, unequivocal recitation to defendant that he is entitled to counsel and, if he cannot afford an attorney, one will be provided for him. In his first court appearance in this record, defendant pleaded guilty to a felony without ever having been assisted by counsel. At the beginning of that proceeding, he was asked why he did not have an attorney and responded, "I couldn't afford an attorney." He stated that he applied for representation by the public defender, but that application was denied. Elsewhere in the record it appears that, although separated from his wife, her modest assets may have been the reason his application was denied. His apparent desire to have an attorney is reflected by the fact that he had also contacted two attorneys but could not afford the retainer each required. According to the presentence report, defendant, who is a resident alien, has a middle school education (eighth grade) and has had only relatively minor prior experience with the criminal justice system (a charge in 2000 for misdemeanor driving while intoxicated that was reduced resulting in a $300 fine and a 1987 incident in New Jersey for making a false report that resulted in a $150 fine). He was described by his wife as "very naive," an opinion borne out in part by the fact that, even after pleading to a felony, he told the officer conducting the presentence report investigation that he was hoping the judge would change that to a misdemeanor at the time of sentencing. Indeed, such comment reveals that he did not, in reality, understand the nature of his uncounseled plea. While defendant was offered an adjournment in order to try and find an attorney that he could afford, he was not given specific warnings of the risk of continuing without an attorney (*cf. People v Providence*, 2 NY3d at 584; *People v Slaughter*, 78 NY2d at 491-492; *People v Whitted*, 16 AD3d 905, 908 [2005], *lv*

*denied* 4 NY3d 892 [2005]). This record does not contain the requisite searching inquiry of defendant and concomitant knowing, voluntary and intelligent waiver of his right to counsel.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, motion granted, guilty plea vacated and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision.