■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. LAGAS, Also Known as BEAVER, Appellant. [853 NYS2d 434]—

Peters, J.P.

After waiving his right to court-appointed counsel, defendant

pleaded guilty to the crimes of burglary in the third degree, criminal mischief in the second degree, criminal mischief in the fourth degree and petit larceny. Pursuant to the plea agreement, defendant was thereafter sentenced as a second felony offender to 2 to 4 years in prison for the convictions of burglary in the third degree and criminal mischief in the second degree and one year for the convictions of criminal mischief in the fourth degree and petit larceny, all to run concurrently, as well as restitution. A subsequent CPL 440.10 motion was denied without a hearing. Defendant now appeals both from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Defendant initially contends that his guilty plea was obtained in violation of his right to counsel. We disagree. When a defendant waives his right to counsel, the trial court must conduct an inquiry to ensure the waiver is made knowingly, voluntarily and intelligently (*see People v Arroyo*, 98 NY2d 101, 103 [2002]; *accord People v Maraj*, 44 AD3d 1090, 1092 [2007]). Here, the record reveals that County Court conducted a searching inquiry, which included inquiries into defendant's age, education, his mental and physical condition, and whether he understood his right to counsel and was freely waiving it. We are therefore satisfied that County Court established that defendant's waiver of counsel was knowing, voluntary and intelligent (*see People v McEachin*, 29 AD3d 1221, 1222 [2006], *lv denied* 7 NY3d 903 [2006]; *People v Whitted*, 16 AD3d 905, 907-908 [2005], *lv denied* 4 NY3d 892 [2005]).*

We also find defendant's contention that County Court erred in denying his CPL 440.10 motion without a hearing to be without merit. Here, as defendant's claim that his guilty plea was not knowingly, voluntarily and intelligently entered can be determined on the record and was reviewable on direct appeal, County Court properly denied the motion without a hearing (*see* CPL 440.10 [2] [b]; *People v Lahon*, 17 AD3d 778, 780 [2005], *lv denied* 5 NY3d 790 [2005]; *People v Beverly*, 5 AD3d 862, 865 [2004], *lv denied* 2 NY3d 796 [2004]). Furthermore, as defendant's claim that his right to counsel was violated in proceedings prior to his plea was based on facts that, with defendant's due diligence, could have been placed on the record enabling review on direct appeal, no hearing was required (*see* CPL 440.10 [3]; *People v Berezansky*, 229 AD2d 768, 771 [1996], *lv denied* 89 NY2d 919 [1996]). Finally, defendant's remaining claims were either waived by his guilty plea (*see People v Parilla*,

---

* Notably, a court-appointed advisory attorney was present at the time the plea was entered.

8 NY3d 654, 659 [2007]; *People v Dennis*, 223 AD2d 814, 815 [1996], *lv denied* 87 NY2d 972 [1996]) or are too vague and unsupported to warrant a hearing (*see People v Chaffee*, 30 AD3d 763, 765 [2006], *lv denied* 7 NY3d 846 [2006]).

Carpinello, Kane, Kavanagh and Stein, JJ., concur. Ordered that the judgment and order are affirmed.