■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. CONTE, Appellant. [896 NYS2d 770]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 18, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that he was denied effective assistance of counsel because defense counsel did not move to withdraw from representing him despite the fact that she had previously represented a key prosecution witness. We reject that contention. Based on the record before us, it appears that County Court was apprised of the potential conflict. The court therefore had a duty, independent from that of defense counsel, to conduct an inquiry "to ascertain, on the record, whether [defendant] had an awareness of the potential risks involved in his continued representation by the attorney and had knowingly chosen to continue such representation" (*People v Lombardo*, 61 NY2d 97, 102 [1984]; *see generally People v Gomberg*, 38 NY2d 307, 313-314 [1975]). Although the court failed to conduct that inquiry, we nevertheless conclude that defendant was not denied effective assistance of counsel based on defense counsel's failure to move to withdraw. Defendant has failed to establish that the conflict of interest arising from the prior representation "affected, . . . operated on, or [bore] a substantial relation to the conduct of the defense" (*People v Ortiz*, 76 NY2d 652, 657 [1990]; *see Lombardo*, 61 NY2d at 103; *People v Jenkins*, 256 AD2d 735, 736-737 [1998], *lv denied* 93 NY2d 854 [1999]).

We reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to make a written motion pursuant to CPL 330.30 (3) to set aside the verdict based on newly discovered evidence. Defense counsel in fact made an oral motion to set aside the verdict on that ground, which is permissible pursuant to CPL 330.40 (1), and the court denied the motion. In any event, with respect to the merits of the motion, the alleged newly discovered evidence to which defendant refers is the statement of a proposed witness that he, rather than defendant, answered a controlled telephone call made by a confidential informant (CI) and informed the CI that another individual "could get [the CI] what he needed." We conclude that such evidence was insufficient "to create a probability that[,] had such testimony been received at the trial[,] the verdict would have been more favor-

able to the defendant" (CPL 330.30 [3]). In any event, we note that the jury was unable to reach a verdict on the two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) to which his motion pertained, and the prosecutor and defense counsel agreed to accept the partial verdict. Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.