# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

829

KA 11-02358

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JUSTIN MCCUTCHEON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JAMES R. GARDNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered November 17, 2011. The judgment convicted defendant, upon a nonjury verdict, of attempted burglary in the second degree and criminal mischief in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of, inter alia, attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that he was denied effective assistance of counsel because his then-girlfriend and the mother of his child, who was also the complainant and a key prosecution witness, paid his attorney's fees. We reject that contention. Because defendant apprised Supreme Court of the potential conflict of interest, we agree with defendant that the court "had a duty . . . to conduct an inquiry 'to ascertain, on the record, whether [defendant] had an awareness of the potential risks involved in his continued representation by the attorney and had knowingly chosen to continue such representation' " (*People v Conte*, 71 AD3d 1448, 1449, quoting *People v Lombardo*, 61 NY2d 97, 102; *see People v Carncross*, 14 NY3d 319, 327). Although the court failed to conduct that inquiry, we nevertheless conclude that defendant was not denied effective assistance of counsel inasmuch as he failed to show "that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892 [internal quotation marks omitted]; *see People v Sanchez*, 21 NY3d 216, 223; *People v Hurlbert*, 81 AD3d 1430, 1431, *lv denied* 16 NY3d 896). Indeed, the record establishes that defense counsel thoroughly cross-examined the witness and elicited testimony concerning her criminal history and drug use, as well as her admission that she never saw

defendant attempt to enter the house.  Further, defense counsel introduced complainant's letters to defendant, in which she stated that she loved defendant and wanted him home with her and their child.

Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court