# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

563
KA 13-00301
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

REBECCA R. WALTER, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered May 23, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the third degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of assault in the third degree (Penal Law § 120.00 [2]) and endangering the welfare of a child (§ 260.10 [1]). We note at the outset that, contrary to the People's contention, this appeal has not been rendered moot by the fact that defendant has completed serving her sentence (*see People v Maraj*, 44 AD3d 1090, 1091; *People v De Leo*, 185 AD2d 374, 375, *lv denied* 80 NY2d 974).

Defendant contends that there is insufficient evidence of a physical injury to support a conviction of assault in the third degree. We reject that contention. The evidence at trial established that the 14-month-old victim sustained a physical injury, i.e. "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]), inasmuch as the wound on his shoulder caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447). Defendant also contends that there was insufficient evidence to support her conviction of assault in the third degree and endangering the welfare of a child inasmuch as the People failed to establish that defendant caused the child's injury. We reject that contention. Based upon the evidence at trial, there was a valid line of reasoning and permissible inferences to lead a rational person to the conclusion that defendant caused the child's injury (*see People v Watson*, 269 AD2d 755, 755-756, *lv denied* 95 NY2d 174; *see generally People v Tompkins*, 8 AD3d 901, 902-903). Contrary to defendant's further

contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that County Court erred in allowing the prosecutor to introduce evidence that defendant previously pleaded guilty to assault in the third degree after she broke the same victim's femur.  That evidence was "admissible to negate the defense of accident or mistake" (*People v Riley*, 23 AD3d 1077, 1077, *lv denied* 6 NY3d 817; *see People v Henson*, 33 NY2d 63, 72-73; *People v Sachs*, 15 AD3d 1005, 1006, *lv denied* 5 NY3d 768).

Finally, defendant's contention that the prosecutor engaged in misconduct during summation by making a statement that shifted the burden of proof to defendant is without merit.  We conclude that the allegedly improper statement was merely fair comment on the evidence (*see People v Anzalone*, 70 AD3d 1486, 1487, *lv denied* 14 NY3d 885; *People v Anderson*, 52 AD3d 1320, 1321, *lv denied* 11 NY3d 733).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court