# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1116

KA 12-01356

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KELLY J. KEEGAN, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (WENDY LEHMANN, NEW YORK PROSECUTORS TRAINING INSTITUTE, INC., ALBANY, OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Donald E. Todd, A.J.), rendered June 21, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, assault in the second degree (two counts), assault in the third degree, reckless assault of a child, and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of assault in the first degree (Penal Law § 120.10 [3]), assault in the third degree (§ 120.00 [2]), and reckless assault of a child (§ 120.02 [1]), and two counts each of assault in the second degree (§ 120.05 [8], [9]) and endangering the welfare of a child (§ 260.10 [1]). The convictions arose out of two separate incidents, one in February 2011, in which the infant victim's ears were injured, and a second in March 2011, in which the child, then not yet a year old, suffered a traumatic brain injury and other debilitating permanent injuries.

Contrary to defendant's contention, County Court did not abuse its discretion in denying his motion to sever those counts of the indictment relating to the February 2011 incident from those counts relating to the March 2011 incident. The counts are joinable because they "are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]), and defendant failed to show good cause for a discretionary severance under CPL 200.20 (3) (*see People v Gaston*, 100 AD3d 1463, 1464-1465; *see generally People v Mahboubian*, 74 NY2d 174, 183).

Defendant further contends that his statements to the police were involuntary because his "emotional state caused his will to be overborne," and that the court therefore erred in refusing to suppress those statements. Inasmuch as defendant failed to seek suppression of the statements on that ground, he failed to preserve that contention for our review (*see generally People v Ricks*, 49 AD3d 1265, 1266, *lv denied* 10 NY3d 869, *reconsideration denied* 11 NY3d 740). In any event, we conclude that "[t]he evidence at the suppression hearing does not establish that defendant's will was overborne or that defendant's capacity for self-determination was critically impaired" (*People v Worth*, 233 AD2d 939, 940-941), and thus defendant's contention lacks merit. By failing to object to the testimony of a police officer concerning his prior dealings with defendant, defendant likewise failed to preserve for our review his contention that the officer's testimony was improper (*see* CPL 470.05 [2]). In any event, the court sua sponte issued a curative instruction, and the court's instruction was "sufficient to alleviate any prejudice to defendant" (*People v Hogan*, 292 AD2d 834, 834, *lv denied* 98 NY2d 676).

We reject defendant's contention that certain photographs of the infant victim were improperly admitted in evidence. In order to prove that defendant committed the offense of assault in the first degree, the People were required to establish that defendant acted recklessly and with a depraved indifference to human life, and thereby caused serious physical injury to the infant victim (*see* Penal Law § 120.10 [3]). Because "the extent of the injuries was a major element in the prosecution's proof that defendant acted with a depraved indifference to human life, the introduction of the photographs cannot be considered to have been solely motivated by a desire to inflame the jury" (*People v Arca*, 72 AD2d 205, 207; *see generally People v Pobliner*, 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905).

Defendant also contends that he was denied his constitutional right to present a defense because a police officer testified inaccurately at trial about a statement made by defendant, and the People failed to notify defendant, pursuant to CPL 710.30, of their intent to offer that inaccurate testimony at trial. We reject that contention. At the hearing on defendant's posttrial motion, the police officer testified that he had inaccurately testified at trial about defendant's statement based on an unfounded assumption about that statement. Inasmuch as the officer's inaccurate testimony was inconsistent with defendant's statement to the police, which was thereafter admitted in evidence at trial, the court properly struck that testimony and instructed the jury to disregard it. In addition, the prosecutor stipulated before the jury that the testimony in question was inaccurate. Under the circumstances, we conclude that the police officer's inaccurate testimony did not deny defendant his constitutional right to present a defense, and the court therefore properly denied defendant's mistrial motion and posttrial motion to set aside the verdict on that ground.

Defendant failed to object to the jury charge as given, and therefore failed to preserve for our review his contention that the

jury charge was improper (*see generally People v Robinson*, 88 NY2d 1001, 1001-1002).  In any event, contrary to defendant's contention, the court properly charged the jury that defendant could intend to cause physical injury for purposes of the assault in the second degree count while at the same time "recklessly creat[ing] 'a grave risk that a different, more serious result . . . would ensue from his actions' " for purposes of the assault in the first degree count (*People v Belcher*, 289 AD2d 1039, 1039, *lv denied* 97 NY2d 751, quoting *People v Trappier*, 87 NY2d 55, 59).  The court also properly denied defendant's request for an "entire case" circumstantial evidence charge because the evidence adduced at trial was not wholly circumstantial (*see e.g. People v Bryce*, 174 AD2d 945, 946*, lv denied* 79 NY2d 854).

Defendant further contends that the evidence is legally insufficient to support the conviction of assault in the first degree because the People failed to establish that he acted with depraved indifference.  We reject that contention.  Despite the infliction of serious injuries upon the infant victim, including a traumatic brain injury, defendant failed to seek medical treatment until the infant victim became fully unresponsive.  Under these circumstances, the jury "could have rationally found beyond a reasonable doubt that defendant consciously disregarded the substantial and unjustifiable risk that death or serious injury would result" from his actions (*People v Barboni*, 21 NY3d 393, 405).  While defendant also contends that the People failed to prove with respect to the March 2011 incident that he alone could have caused the injuries suffered by the infant victim, we conclude that the evidence is legally sufficient to establish that the child was in defendant's sole custody at the time the injuries were inflicted (*see People v Walter*, 128 AD3d 1512, 1512-1513, *lv denied* 25 NY3d 1173).  Defendant also contends that the evidence is legally insufficient to support his conviction of assault in the third degree and endangering the welfare of a child with respect to the February 2011 incident, in which the infant victim's ears were injured.  We again reject that contention.  Based upon the evidence adduced at trial, there is a valid line of reasoning and permissible inferences to lead a rational person to conclude that defendant, knowing that his actions were likely to injure the infant victim, recklessly caused the infant victim physical injury (*see* Penal Law §§ 10.00 [9]; 120.00 [2]; 260.10 [1]; *People v Van Guilder*, 29 AD3d 1226, 1228).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

"[D]efendant's claim of ineffective assistance of counsel, to the extent that it is premised on his attorney's failure to retain and call an expert witness, involves matter dehors the record and, thus, is not properly before us on this direct appeal from the judgment" (*People v Staropoli*, 49 AD3d 568, 568-569, *lv denied* 10 NY3d 871).  Despite defendant's further claims of ineffective assistance, we conclude that the record as a whole establishes that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that the court did not properly inform counsel of a jury note prior to responding to it (*see People v O'Rama*, 78 NY2d 270, 276-278).  Because "the court read the note verbatim before the jury, defense counsel, and defendant[, and d]efense counsel raised no objection," defendant failed to preserve his contention for our review (*People v Arnold*, 107 AD3d 1526, 1527, *lv denied* 22 NY3d 953; *see People v Alcide*, 21 NY3d 687, 693-694; *People v Stoutenger*, 121 AD3d 1496, 1498-1499, *lv denied* 25 NY3d 1077).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Bonner*, 79 AD3d 1790, 1790-1791, *lv denied* 17 NY3d 792).

We have reviewed defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court