# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

70

KA 14-01695

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

SEAN VICKERS, ALSO KNOWN AS SEAN M. VICKERS, ALSO
KNOWN AS SEAN MICHAEL VICKERS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 11, 2014. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the amended indictment is dismissed without prejudice to the People to re-present any appropriate charges to another grand jury.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of sodomy in the first degree (Penal Law former § 130.50 [4]). In appeal No. 2, defendant appeals from a judgment convicting him following the same jury trial of sodomy in the first degree (former § 130.50 [4]), two counts of criminal sexual act in the first degree (§ 130.50 [4]), and sexual abuse in the first degree (§ 130.65 [3]).

The convictions arise from two indictments based upon allegations that defendant sexually assaulted or abused five underage victims. The first indictment, which is the subject of appeal No. 1, charged defendant with course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]). The second indictment, which is the subject of appeal No. 2, charged defendant with, inter alia, course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]) (count one); two counts of predatory sexual assault against a child on the ground that he committed a course of sexual conduct against a child in the first degree (§§ 130.75 [1] [b]; 130.96) (counts two and six); and sexual abuse in the first degree (§ 130.65 [3]) (count 10).

Before trial, County Court granted the People's motion to consolidate the indictments and denied defendant's cross motion to sever count one from the second indictment. After the close of proof, the court granted the People's motion to amend the indictments so that the two counts of course of sexual conduct against a child in the first degree, as charged in the first indictment and count one of the second indictment, were replaced with two counts of sodomy in the first degree (Penal Law former § 130.50 [4]), and the two counts of predatory sexual assault against a child, as charged in counts two and six of the second indictment, were replaced with two counts of criminal sexual act in the first degree (§ 130.50 [4]).

Viewing the evidence in light of the elements of the crimes in appeal Nos. 1 and 2 as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that the court erred in granting the People's motion to consolidate the indictments. The offenses charged therein were the "same or similar in law" (CPL 200.20 [2] [c]), and defendant failed to demonstrate prejudice resulting from the consolidation (*see People v Davey*, 134 AD3d 1448, 1451; *People v Molyneaux*, 49 AD3d 1220, 1221, *lv denied* 10 NY3d 937). Contrary to defendant's further contention, the court did not abuse its discretion in denying his motion to sever count one from the second indictment, inasmuch as defendant failed to demonstrate the requisite good cause for a discretionary severance under CPL 200.20 (3) (*see People v Keegan*, 133 AD3d 1313, 1314, *lv denied* 27 NY3d 1152; *see generally People v McKinnon*, 15 AD3d 842, 843, *lv denied* 4 NY3d 888).

Defendant contends that he was denied effective assistance of counsel based on his attorney's prior representation of two prosecution witnesses. We reject that contention. The court was apprised of the potential conflict of interest and thus had a duty to "inquire[] of defendant to ascertain, on the record, whether he had an awareness of the potential risks involved in his continued representation by the attorney and had knowingly chosen to continue such representation" (*People v Lombardo*, 61 NY2d 97, 102; *see People v McCutcheon*, 109 AD3d 1086, 1087, *lv denied* 22 NY3d 1042). Although the court erred in failing to conduct such an inquiry, we nonetheless conclude that defendant was not denied effective assistance of counsel inasmuch as he failed to demonstrate that "the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Ortiz*, 76 NY2d 652, 657 [internal quotation marks omitted]; *see McCutcheon*, 109 AD3d at 1087). Contrary to defendant's further contention that he was denied effective assistance of counsel based on his attorney's constitutionally inadequate performance, we conclude that defendant was afforded meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We agree with defendant, however, that the court erred in granting the People's motion to amend the indictments at the close of

proof.  The fact that defendant consented to the amendments is of no moment because he has " 'a fundamental and nonwaivable right to be tried only on the crimes charged' " (*People v Graves*, 136 AD3d 1347, 1348, *lv denied* 27 NY3d 1069; *see People v Powell*, 153 AD2d 54, 58, *lv denied* 75 NY2d 969).  "An indictment may not be amended in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it" (CPL 200.70 [2]; *see People v Grega*, 72 NY2d 489, 495-496).  Unlike the crimes charged in the amended indictments, the crimes of course of sexual conduct against a child in the first degree and predatory sexual assault against a child based upon allegations that defendant committed a course of sexual conduct against a child in the first degree as charged in the initial indictments do not criminalize a specific act, and thus do not require jury unanimity with respect to a specific act (*see People v Calloway*, 176 Misc 2d 161, 165-166; *see generally People v Pabon*, 28 NY3d 147, 154).  For that reason, we conclude that the amendments of the indictments "resulted in an impermissible substantive change in the indictment[s] by adding new counts that changed the theory of the prosecution" (*People v Green*, 250 AD2d 143, 145, *lv denied* 93 NY2d 873; *see generally People v Baker*, 123 AD3d 1378, 1380-1381).  We therefore reverse the judgments insofar as they convicted defendant on those counts, and dismiss those counts of the amended indictments without prejudice to the People to re-present any appropriate charges under those counts to another grand jury.

In light of our determination, we address defendant's challenge to the severity of the sentence only insofar as it concerns count 10 of the amended indictment in appeal No. 2 and conclude that the sentence with respect to that count is not unduly harsh and severe.

Entered:  March 24, 2017                           Frances E. Cafarell
                                                   Clerk of the Court